DOCUMENT 5
Case 5:22-cv-00825-LCB   Document 1-1   Filed 07/05/22   Page 1 of 8
FILED
2022 Jul-05 AM 10:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>44-CV-2022-900103.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA**
**CHRISTOPHER RANDAL V. ABB ENTERPRISE SOFTWARE, INC. ET AL**

**NOTICE TO:** TENNESSEE VALLEY AUTHORITY, 400 W SUMMIT HILL DR, KNOXVILLE, TN 37902

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JON ETHAN LEWIS,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2112 11th Avenue South, Suite 542, BIRMINGHAM, AL 35205.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CHRISTOPHER RANDAL pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

05/30/2022                    /s/ BRAD CURNUTT                    By:
*(Date)*                       *(Signature of Clerk)*                       *(Name)*

☑ Certified Mail is hereby requested.          /s/ JON ETHAN LEWIS
                                                *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
                                                                *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
in _____ County,
*(Name of Person Served)*           *(Name of County)*

Alabama on _____.
           *(Date)*

_____                    _____                    *(Address of Server)*
*(Type of Process Server)*      *(Server's Signature)*

                              _____                    _____
                              *(Server's Printed Name)*      *(Phone Number of Server)*

Case 5:22-cv-00825-LCB   Document 1-1   Filed 07/05/22   Page 2 of 8

DOCUMENT 2

ELECTRONICALLY FILED
5/30/2022 11:18 AM
44-CV-2022-900103.00
CIRCUIT COURT OF
LIMESTONE COUNTY, ALABAMA
BRAD CURNUTT, CLERK

# IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA

## CIVIL ACTION NUMBER:

CV-22-900103

**CHRISTOPHER RANDAL**, an individual;

    Plaintiff,

v.

**ABB ENTERPRISE SOFTWARE, INC.**, a foreign corporation; **HITACHI ENERGY USA INC.**, a foreign corporation; **ABB, INC.**; a foreign corporation; **JOHNSON CONTRACTORS, INC.**, a domestic corporation; **DAY & ZIMMERMAN INTERNATIONAL, INC.**; a foreign corporation; **TENNESSEE VALLEY AUTHORITY BROWNS FERRY NUCLEAR POWER PLANT and/or TVA;** a Tennessee entity and a United States Agency; Defendants "A", "B", and "C", being the correct legal name of the entity known to Plaintiff as "**ABB ENTERPRISE SOFTWARE, INC.**"; Defendants "D", "E", and "F", being the correct legal name of the entity known to Plaintiff as "**HITACHI ENERGY USA, INC.**"; Defendants "G", "H", and "I", being the correct legal name of the entity known to Plaintiff as "**ABB, INC.**"; Defendants "J", "K", and "L", being the correct legal name of the entity known to Plaintiff as "**JOHNSON CONTRACTORS, INC.**"; Defendants "M", "N", and "O", being the correct legal name of the entity known to Plaintiff as "**DAY & ZIMMERMAN INTERNATIONAL, INC.**"; Defendants "P", "Q", and "R", being the correct legal name of the entity known to Plaintiff as "**TENNESSEE VALLEY AUTHORITY BROWNS FERRY NUCLEAR POWER PLANT and/or TVA**"; Defendants "S", "T", and "U", whether singular or plural being that entity or entities, person or persons whose negligence or wantonness proximately caused or contributed to cause the injuries and damages complained of by Plaintiff as set out herein; Defendants "V", "W", and "X", whether singular or plural, being that entity or entities, person or persons who or which are legally liable to Plaintiff for the injuries and damages complained of herein; Defendants "Y", "Z", and "AA", whether singular or plural being that entity or entities, person or persons who or which negligently and wantonly violated various safety rules and precautions and allowed Plaintiff to be exposed to electrical shock; Defendants "BB", "CC", and "DD", whether singular or plural being that entity or entities, person or persons who or which negligently and wantonly failed to warn Plaintiff of the hazards of the energized electrical power circuits; Defendants "EE", "FF", and "GG", whether singular or plural, being that entity or entities, person or persons who or which failed to warn Plaintiff the switchgear cubicles were energized; Defendants "HH", "II", and "JJ", whether singular or plural, being that entity or entities, person or persons who or which failed to properly label the switchgear cubicles; Defendants "KK", "LL", and "MM", whether singular or plural, being that entity or entities, person or persons who or which failed to properly install the protective panel cover for the D4 cubicle and other cubicles; Defendants "NN", "OO", and "PP", whether singular or plural, being the insurance

company or companies who or which had a policy or policies of liability, medical payment, umbrella, excess, commercial or any other type of insurance which covered in whole or in part the injuries and damages complained of by Plaintiff herein; All of the fictitious party Defendants named herein are otherwise unknown to Plaintiff at this time, or if their names are known, their identity as proper party defendants are unknown at this time, but will be substituted by Amendment when the aforesaid lacking knowledge is ascertained.

**Defendants.**

## COMPLAINT

### PARTIES AND FACTS

1. Plaintiff **CHRISTOPHER RANDAL** is over the age of nineteen (19) and a resident of Tennessee.

2. Defendant **ABB ENTERPRISE SOFTWARE, INC. ("AES")** is a Foreign corporation which at all times relevant hereto was present and doing business in Limestone County, Alabama.

3. Defendant **HITACHI ENERGY USA, INC. ("HITACHI")** is a Foreign corporation which at all times relevant hereto was present and doing business in Limestone County, Alabama.

4. Defendant **ABB, INC. ("ABB")** is a Foreign corporation which at all times relevant hereto was present and doing business in Limestone County, Alabama.

5. Defendant **JOHNSON CONTRACTORS, INC. ("JOHNSON")** is a Domestic corporation which at all times relevant hereto was present and doing business in Limestone County, Alabama.

6. Defendant **DAY & ZIMMERMAN INTERNATIONAL, INC. ("D&Z")** is a Foreign corporation which at all times relevant hereto was present and doing business in Limestone County, Alabama.

7. Defendant **TENNESSEE VALLEY AUTHORITY BROWNS FERRY NUCLEAR POWER PLANT and/or TVA ("TVA")** is a Tennessee entity and a United States Agency doing business in Limestone County, Alabama.

8. **Fictitious Party Defendants A through PP** are otherwise unknown to Plaintiff at this time, or if their names are known, their identity as proper party defendants are unknown at this time, but will be substituted by Amendment when the aforesaid lacking knowledge is ascertained.

9. On or about June 3, 2020, **Christopher Randal** was employed by Williams Electric and Line Construction, Inc. as an electrical contractor, and he was working at **TVA where AES, HITACHI, ABB, JOHNSON, and D&Z were** the general contractors and/or subcontractors working on the Cooling Tower Switchgear building on the TVA premises.

10. At the time of the occurrence made the basis of this lawsuit, **Mr. Randal** was performing electrical work, and he was at a place where he had a right to be and where he was instructed to be.

11. **Mr. Randal** was tasked with the installation of boots for the switchgear, and all cubicles should have been de-energized.

12. After completing one cubicle, **Mr. Randal** moved to the next cubicle (D4 cubicle) which was energized with 4,000 volts of electricity unbeknownst to **Mr. Randal**.

13. The cover had been removed from the panel on the D4 cubicle because it had been damaged the week before and needed to be repaired.

14. The cover to D4 had not been put back immediately because they thought there was no power coming into that switchgear.

15. The D4 cubicle had not been labeled so the workers on site would know it was energized.

16. In light of the above, when Mr. Randal came in contact with the metal frame of cubicle D4, he was electrocuted and suffered significant injuries.

17. Defendants **AES, HITACHI, ABB, JOHNSON, D&Z, and TVA (Collectively, the "Defendants")** had various roles in the work being performed at the Cooling Tower Switchgear building, and **Plaintiff** does not have access to each and every agreement, contract, subcontract, etc. in order to know which Defendants were responsible for what duties surrounding the power to the building and the cubicles where **Plaintiff** was working.

## COUNT I
## NEGLIGENCE AND WANTONNESS

18. **Plaintiff** reincorporates paragraphs 1 through 17 as though fully set forth herein.

19. **Defendants, by and through their employees,** and those Defendants named as fictitious parties in the caption of this complaint, negligently and wantonly removed the cover from the panel to the D4 cubicle and negligently and wantonly failed to replace it.

20. **Defendants, by and through their employees,** and those Defendants named as fictitious parties in the caption of this complaint, negligently and wantonly energized the D4 cubicle creating a known hazard to the workers and, specifically, **Mr. Randal**.

21. **Defendants, by and through their employees,** and those Defendants named as fictitious parties in the caption of this complaint, negligently and wantonly failed to warn the workers and, specifically, **Mr. Randal** that the D4 cubicle was energized.

22. **Defendants, by and through their employees,** and those Defendants named as fictitious parties in the caption of this complaint, negligently and wantonly created an unsafe work environment by violating various safety/electrical protocols at the Cooling Tower Switchgear building.

23. **Defendants, by and through their employees,** and those Defendants named as fictitious parties in the caption of this complaint, negligently and wantonly violated various Federal and State regulations by not guarding against accidental contact by cabinets or other forms of enclosures and by failing to have a protective cover installed to prevent contact with energized conductors at the D4 Cubicle.

24. **Defendants, by and through their employees,** and those Defendants named as fictitious parties in the caption of this complaint, negligently and wantonly violated various Federal and State regulations by failing to advise employees of the location of energized electrical power circuits, the hazards involved, and the protective measures to be taken..

25. As a proximate consequence of **Defendants', by and through their employees,** and those Defendants named as fictitious parties in the caption of this complaint, negligence and wantonness, plaintiff **Christopher Randal** was caused to suffer the following injuries and damages:

    a. **Mr. Randal** was electrocuted and suffered second and third degree burns;
    b. **Mr. Randal** was caused to be bruised and contused;
    c. **Mr. Randal** was caused to suffer pain throughout his body including, but not limited to, his hand and arm;
    d. **Mr. Randal** suffered a full thickness burn of his left hand and fingers;
    e. **Mr. Randal** suffered injuries to both knees;
    f. **Mr. Randal** suffered from dry eyes;
    g. **Mr. Randal** suffered from various joint pains;
    h. **Mr. Randal** was caused to suffer injuries which required extensive surgery and skin grafts, and these injuries have tormented him for many, many months, continue to torment him, and will continue to torment him for the foreseeable future;

     i.     **Mr. Randal** was caused to endure pain, suffering and emotional distress, continues to endure said pain and suffering, emotional distress and mental anguish, and will continue to endure said pain and suffering, emotional distress and mental anguish for the foreseeable future;

     j.     **Mr. Randal** was caused to incur medical expenses and workers compensation payments exceeding $96,208.70[1] which he must repay out of any verdict obtained;

     k.     **Mr. Randal** will continue to require medical treatment and incur medical expenses for the foreseeable future, and any such funds paid by **Williams Electric's workers compensation carrier** will have to be repaid out of any verdict obtained – even for future treatment;

     l.     **Mr. Randal** has been permanently injured and damaged;

     m.     **Mr. Randal** was caused to miss some time from work and thus has a claim for lost wages; and

     n.     **Mr. Randal** has a claim for future lost earning capacity.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff **Christopher Randal** demands judgment against **AES, HITACHI, ABB, JOHNSON, D&Z, and TVA** and those fictitiously described defendants in the caption of this Complaint separately and severally, for compensatory and punitive damages in the amount that **Mr. Randal** legally and/or justifiably is entitled to recover, plus costs, interest and any further or other relief this Court may deem proper.

## COUNT II – CLAIMS AGAINST FICTITIOUS PARTIES

26.    Plaintiff reincorporates the foregoing paragraphs as though fully set forth herein.

27.    Plaintiff claims that he has been injured and damaged as set forth in more detail in paragraph 25 above as a proximate consequence of the combined and concurrent negligence, willfulness and/or wantonness, violation of Federal and State regulations, and/or breach of other legal duty by **ABB ENTERPRISE SOFTWARE, INC.**, a foreign corporation; **HITACHI ENERGY USA INC.**, a foreign corporation; **ABB, INC.**; a foreign corporation; **JOHNSON CONTRACTORS, INC.**, a domestic corporation; **DAY & ZIMMERMAN INTERNATIONAL, INC.**; a foreign corporation; **TENNESSEE VALLEY AUTHORITY BROWNS FERRY NUCLEAR POWER PLANT and/or TVA**; a United States Agency; Defendants "A", "B", and "C", being the correct legal name of the entity known to Plaintiff as "**ABB ENTERPRISE SOFTWARE, INC.**"; Defendants "D", "E", and "F", being the correct legal name of the entity known to Plaintiff as "**HITACHI ENERGY USA, INC.**"; Defendants "G", "H", and "I", being the correct legal name of the entity known to Plaintiff as "**ABB, INC.**"; Defendants "J", "K", and "L", being the correct legal name of the entity known to Plaintiff as "**JOHNSON CONTRACTORS, INC.**"; Defendants "M", "N", and "O",

---

[1] The amount of the subrogation claimed continues to increase dependent on future medical care.

being the correct legal name of the entity known to Plaintiff as "**DAY & ZIMMERMAN INTERNATIONAL, INC.**"; Defendants "P", "Q", and "R", being the correct legal name of the entity known to Plaintiff as "**TENNESSEE VALLEY AUTHORITY BROWNS FERRY NUCLEAR POWER PLANT and/or TVA**"; Defendants "S", "T", and "U", whether singular or plural being that entity or entities, person or persons whose negligence or wantonness proximately caused or contributed to cause the injuries and damages complained of by Plaintiff as set out herein; Defendants "V", "W", and "X", whether singular or plural, being that entity or entities, person or persons who or which are legally liable to Plaintiff for the injuries and damages complained of herein; Defendants "Y", "Z", and "AA", whether singular or plural being that entity or entities, person or persons who or which negligently and wantonly violated various safety rules and precautions and allowed Plaintiff to be exposed to electrical shock; Defendants "BB", "CC", and "DD", whether singular or plural being that entity or entities, person or persons who or which negligently and wantonly failed to warn Plaintiff of the hazards of the energized electrical power circuits; Defendants "EE", "FF", and "GG", whether singular or plural, being that entity or entities, person or persons who or which failed to warn Plaintiff the switchgear cubicles were energized; Defendants "HH", "II", and "JJ", whether singular or plural, being that entity or entities, person or persons who or which failed to properly label the switchgear cubicles; Defendants "KK", "LL", and "MM", whether singular or plural, being that entity or entities, person or persons who or which failed to properly install the protective panel cover for the D4 cubicle and other cubicles; Defendants "NN", "OO", and "PP", whether singular or plural, being the insurance company or companies who or which had a policy or policies of liability, medical payment, umbrella, excess, commercial or any other type of insurance which covered in whole or in part the injuries and damages complained of by Plaintiff herein; All of the fictitious party Defendants named herein are otherwise unknown to Plaintiff at this time, or if their names are known, their identity as proper party defendants are unknown at this time, but will be substituted by Amendment when the aforesaid lacking knowledge is ascertained.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff **Christopher Randal** demands judgment against **AES, HITACHI, ABB, JOHNSON, D&Z, and TVA** and those fictitiously described defendants in the caption of this Complaint separately and severally, for compensatory and punitive damages in the amount that **Mr. Randal** legally and/or justifiably is entitled to recover, plus costs, interest and any further or other relief this Court may deem proper.

Respectfully submitted,

/s/ Jon E. Lewis
**Jon E. Lewis (LEW 033)**

/s/ Daniel B. Feldman
**Daniel Brian Feldman (FEL003)**
Attorneys for Plaintiff CHRISTOPHER RANDAL

## PLAINTIFF DEMANDS TRIAL BY JURY

/s/ Jon E. Lewis
**Jon E. Lewis (LEW 033)**

OF COUNSEL:

LEWIS & FELDMAN, LLC
2112 11th Avenue South, Suite 542
Birmingham, Alabama 35205
Phone: (205) 254-6060
Fax:    (205) 254-3939
jon@lewisandfeldman.com

DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:

ABB ENTERPRISE SOFTWARE, INC.
C/O C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

HITACHI ENERGY USA, INC.
C/O C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

ABB, INC.
C/O C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

JOHNSON CONTRACTORS, INC.
C/O. Thomas Counts
3635 2nd Street
Muscle Shoals, AL 35661

DAY & ZIMMERMAN INTERNATIONAL, INC.
C/O C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

TENNESSEE VALLEY AUTHORITY BROWNS FERRY NUCLEAR POWER PLANT and/or TVA
400 West Summit Hill Drive
Knoxville, TN 37902